***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer
3. Travelers Property and Casualty Company was the carrier on risk.
4. Plaintiff's average weekly wage was $757.23 yielding a compensation rate of $504.81.
5. Plaintiff first worked for defendant-employer on December 6, 1999 and last worked for defendant-employer on February 7, 2000.
6. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1. This documentation consists of records from Cleveland Regional Medical Center, Anderson Orthopedic Clinic, Anderson Area Medical Center, Piedmont Comprehensive Pain Management Group and Medicus Surgery Center, Inc.
7. Industrial Commission Forms and filings including defendants' responses to plaintiff's discovery were stipulated into evidence as parts of Stipulated Exhibit 1.
8 Job site photos were stipulated into evidence as part of Stipulated Exhibit 1.
9. Plaintiff's recorded statement was stipulated into evidence as Stipulated Exhibit 2.
10. The issues before the Commission are: (i) whether plaintiff sustained a compensable injury by accident on or about December 8, 1999 and/or January 26, 2000; (ii) if so, what compensation, if any is due plaintiff?
11. The deposition of Mark Bently Hartman, M.D is a part of the evidentiary record in this case.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was thirty-six (36) years old and unemployed. Plaintiff is a high school graduate.
2. Plaintiff began working for defendant-employer on December 6, 1999 as a crane operator. Plaintiff had performed this job for the past sixteen (16) years.
3. On December 8, 1999, plaintiff contends he was working in the cab of his crane when he noticed his foreman signal to come speak with him. Plaintiff contends he stopped the crane, exited the cab, and began to walk across the deck of the crane. Plaintiff contends he stepped on metal covering which flexed and caused him to lose his balance, stumble, and strike his head against the metal portion of the crane.
4. Plaintiff did not report the alleged December 8, 1999 incident to his supervisor, Chad Burnett, or any other individual in a supervisor capacity with defendant-employer on that day. Though plaintiff contends he experienced immediate pain, he did not seek immediate medical care relating to this alleged injury.
5. On January 26, 2000, plaintiff contends he re-injured or suffered another injury when he attempted to enter the cab of the crane at the beginning of his shift on a snowy and icy job site. Plaintiff contends he used his left hand to grab the handle on the cab in order to enter the cab when the cab's windshield unexpectedly came loose from the bolts used to keep it in place. Plaintiff contends he then lost his balance and began to fall. Plaintiff contends he broke his fall by maintaining his grip on the cab handle and in so doing wrenched his neck and shoulder.
6. Plaintiff produced a logbook in which he had made entries relating to the alleged injuries.
7. Plaintiff did not inform defendant-employer of these alleged injuries until he filed a Form 18 on April 26, 2000 concerning the alleged December 8, 1999 injury and subsequently filed another Form 18 on August 8, 2000 concerning the alleged January 26, 2000 injury.
8. Plaintiff was laid off by defendant-employer on February 4, 2000 for unrelated reasons.
9. Plaintiff obtained employment with a new employer for whom he worked from February 16, 2000 through March 18, 2000. Plaintiff was laid off by the new employer on March 18, 2000 and drew unemployment at a rate of $356.00 per week until he commenced work with United Forming on May 22, 2000.
10. Plaintiff was involved in automobile accidents on September 21, 1998 and March 10, 2000. Plaintiff received medical treatment for both of these automobile accidents in which he suffered neck injuries.
11. Plaintiff's statement as to the circumstances relating to his injuries at hearing is inconsistent with the recorded statement previously given to the claims representative in this case.
12. Medical documentation from Dr. Joseph Tally indicates plaintiff had anxiety problems and had been treating with him for problems relating to his back and headache pain.
13. Following plaintiff's automobile accident on March 10, 2000, he was treated by Dr. Randall Garriott at the Anderson Area Medical Center and gave a history of neck problems. Dr. Garriott's records state that plaintiff's cervical spine and right shoulder x-rays were negative.
14. On March 14, 2000, plaintiff visited Dr. Charles M. Sonu at Anderson Orthopedic Clinic with complaints of severe pain in his neck and upper extremities since the time of his March 10, 2000 automobile accident.
15. Dr. Tally's and Dr. Loudermilk's medical documentation indicates plaintiff was apparently being treated with narcotics relating to his automobile accident.
16. Dr. Loudermilk released plaintiff to return to work at full duty without restriction on August 2, 2000.
17. Plaintiff was referred by the Deputy Commissioner to Mark B. Hartman, M.D., for an evaluation as to his claims. Dr. Hartman examined plaintiff but indicated he was not the treating physician in the alleged claims and was unable to establish medical causation relating plaintiff's medical problems to the alleged on the job incidents on December 8, 1999 or January 26, 2000. Dr. Hartman gave plaintiff a five (5%) percent permanent partial disability rating for plaintiff's pain in his neck and upper extremities.
18. The greater weight of the medical evidence fails to establish causation between the alleged incidents giving rise to this claim and plaintiff's medical treatment.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained injuries by accident arising out of and in the course of his employment with defendant-employer on December 8, 1999 and/or January 26, 2000. N.C.G.S. § 97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This the ___ day of May 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ DIANNE C. SELLERS COMMISSIONER